FILED
CLERK, U.S. DISTRICT COURT

OCTOBER 26, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____IM_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

RAYMUNDO DOMINGUEZ ALADINO,

  Defendant.

Case No.  2:20-MJ-05068

ORDER OF DETENTION

## I.

On October 21, 2020, Defendant Raymundo Dominguez Aladino made his initial appearance on the complaint filed in this matter. Deputy Federal Public Defender Nadine Hettle was appointed to represent Defendant. Defendant submitted on the Pretrial Services Officer's recommendation of detention.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving an offense with maximum sentence of life imprisonment or death.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.
☒ the safety of any person or the community.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Defendant has no legal status in the United States and was officially removed from the United States in November 2013;

☒ Defendant has a history of probation violations;

☒ Defendant has a history of warrants

☒ Defendant is unemployed and currently has no bail resources;

Defendant has returned to the United States following his deportation without permission before being found and charged with the instant offense. Thus, Defendant has not demonstrated a willingness to abide by court orders and the Court is not convinced that the defendant will abide by its order to appear for future court appearances if released on bail. Moreover, the prospective penalty that defendant faces, if convicted of the charged offense, supports a finding that release on bail will pose a flight risk because defendant will likely be deported after serving the sentence imposed, and the Court finds that, in conjunction with the other factors noted above, this will provide an incentive to flee the jurisdiction.

As to danger to the community:

☒ Defendant's criminal history includes felony convictions for transportation/sale of narcotic controlled substances, felon in possession of a firearm, carrying a loaded, unregistered handgun in public, and possession of a controlled substance while armed.

The Court finds that release on bail would pose a danger to others and to the community.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal

for the purpose of an appearance in connection with a court proceeding.

[18 U.S.C. § 3142(i)]

Dated: October 26, 2020

                                                     /s/
                               PATRICIA DONAHUE
                   UNITED STATES MAGISTRATE JUDGE